# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HILDA L. SOLIS, ) <br> SECRETARY OF LABOR, UNITED ) <br> STATES DEPARTMENT OF LABOR, ) <br>              ) <br>       Plaintiff,      ) <br>              ) <br> v.             )   Case No. 08-1005-WEB <br>              ) <br>              ) <br> CHINA STAR OF WICHITA, INC., ) <br> HANK LUC, and XIN G. CHEN,  ) <br>              ) <br>       Defendants.     ) <br>              ) <br>              ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendants' motion for a scheduling order. (Doc. 13).[1] For the reasons set forth below, the motion shall be GRANTED IN PART.

### Background

In January 2008, plaintiff filed this action to enjoin defendants from violating provisions of the Fair Labor Standards Act. On May 21, 2008, defendants consented to entry of a permanent injunction requiring: (1) compliance with statutes and regulations concerning

---

[1] The parties use the terms "petitioner" and "respondents" in their post-judgment motions; however, for editorial clarity and consistency the court refers to the parties as plaintiff and defendants.

the payment of overtime to employees and (2) maintenance of adequate and accurate employment records. (Consent Judgment, Doc. 7).[2] The consent judgment also provides that the court retains jurisdiction over the action and the parties to enforce the provisions of the judgment. Id.

On April 25, 2011, plaintiff filed a petition to hold defendants in contempt for violating the terms of the consent judgment. Highly summarized, plaintiff alleges that defendants have violated the terms of the consent judgment by failing to (1) pay minimum wages, (2) pay overtime, and (3) make, keep, and preserve records concerning wages and hours. The petition for contempt was referred to the undersigned judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## Motion for Scheduling Order

Defendants seek an order regarding planning and scheduling pursuant to Fed. R. Civ. P. 16(b) and D. Kan. Rule 16.1 and also request a Rule 26(f) planning conference "so the parties can discuss initial exchanges of discoverable information and set a schedule for planning and depositions." (Doc. 13, p. 1). Plaintiff opposes the motion and argues that Rule 16(b) does not apply to a post-judgment proceeding and that a contempt proceeding only requires: (1) a motion for contempt, (2) a show cause order, (3) a response, and (4) an evidentiary hearing. Defendants counter that they are entitled to discovery in an "indirect

---

[2] The judgment also required defendants to pay approximately $20,000 in unpaid overtime compensation for the workweeks ending May 10, 2005 through May 7, 2007.

contempt proceeding" as a matter of right. As explained in greater detail below, the court is persuaded that the appropriate pre-hearing procedure falls somewhere between the parties' respective positions.

Plaintiff's argument that Rule 16(b) is a scheduling tool for managing "pretrial" proceedings and that the matter before the court is a "post-judgment" proceeding is technically correct. However, there is no law ***prohibiting*** the utilization of Rule 16(b) as a guideline for the management of a "post-trial" evidentiary hearing when the circumstances suggest that some pre-hearing "case management" is appropriate. The court is satisfied that the circumstances of this case warrant some pre-hearing case management.

For example, plaintiff seeks an order requiring defendants to pay more than $200,000 for events extending back to May 2007. Although plaintiff agrees that disputed factual issues exist and an evidentiary hearing is required, neither counsel have advised whether the hearing will involve two witnesses or twenty witnesses or whether the hearing will last two hours or two days. Plaintiff's contempt motion also alleges that defendants failed to pay "minimum wages" in violation of the consent judgment; however, plaintiff does not identify the language in the consent judgment which ordered defendants to pay minimum wages. The legal and factual issues require refinement and clarification before an evidentiary hearing is scheduled.

Defendants' contention that they are entitled to discovery as a "matter of right" is also misguided. In the Tenth Circuit, formal discovery is not a constitutional right in a post-judgment contempt proceeding to enforce a consent judgment. FTC v. Kuykendall, 371 F.

Case 6:08-cv-01005-KMH   Document 17   Filed 10/13/11   Page 4 of 5

3d 745 (10th Cir. 2004). "When analyzing claims related to a party's ability to present its case, we apply the longstanding rule that in civil contempt proceedings all that is required to satisfy the Due Process Clause is that defendants be given reasonable notice and an opportunity to be heard." Id. at 754. In Kuykendall, the Tenth Circuit found defendants had reasonable notice and opportunity to present their case because: (1) they had been aware of the FTC's investigation for ten months before the contempt motion was filed, (2) the parties exchanged evidence before the hearing, (3) defendants deposed three FTC employees and had access to the declarations filed by the FTC, and (4) defendants presented numerous witnesses at the hearing. Perhaps most significantly, the Kuykendall defendants told the district court at the end of the hearing that they "had no more witnesses and did not need any more time to present their case." Id. at 756.

Although discovery is not a constitutional right, the issue remains whether some discovery should be permitted. On the one hand, pre-hearing disclosure is the general rule in civil proceedings in federal court. On the other hand, the extent of discovery must be balanced with the general rule that civil contempt proceedings often proceed "in a more summary fashion than an independent civil action." Kuykendall, 371 F. 3d at 756.[3] The difficulty here is that the court has virtually no information which would allow a reasonable evaluation concerning the appropriateness and extent of discovery. To fill that void the court

---

[3] In Kuykendall the court scheduled the evidentiary hearing 28 days after the motion for contempt was filed. However, three depositions of FTC employees were taken during this short period of time, illustrating that discovery is permissible even when an evidentiary contempt hearing is set on a fast track.

will enter a separate order requiring the parties to confer and submit a planning report.[4]  The court will address the parties concerning the schedule in this case after review of the planning report.

**IT IS THEREFORE ORDERED** that defendants' motion for a scheduling order **(Doc. 13)** is **GRANTED IN PART,** consistent with the rulings set forth herein.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 13th day of October 2011.

>   S/Karen M. Humphreys
>   KAREN M. HUMPHREYS
>   United States Magistrate Judge

---

[4] Although the court reserves judgment pending receipt of the planning report, the court does not contemplate full-blown discovery which is associated with a traditional case.  The planning report, at a minimum, should explain what information has been exchanged, the witnesses expected to testify, and the targeted discovery necessary before the evidentiary hearing is conducted.